IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert A. Holman, ) | C/A No.: 1:14-2554-RBH-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden Thomas, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Robert A. Holman, a federal inmate housed at Federal Correctional Institution ("FCI") Edgefield, submitted this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.      Factual and Procedural Background

Petitioner indicates that he was convicted of being a felon in possession of a firearm in the Eastern District of Missouri. [Entry #1 at 2]. On October 29, 1998, the district court sentenced Petitioner as an armed career criminal[1] to 264 months

---

[1] The Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), imposes a mandatory minimum fifteen-year sentence on felons who unlawfully possess, among other things, firearms, and who also have three or more prior convictions for certain drug crimes or violent felonies. 18 U.S.C. § 924(e)(1).

imprisonment. *Id.* Petitioner filed an appeal challenging his sentence and conviction on November 6, 1998, that the Eighth Circuit Court of Appeals denied on December 8, 1999. *See United States v. Holman*, C/A No.: 4:97-cr-396-CDP, Entry #59, #72 (E.D. Mo. Oct. 29, 1998).[2] Petitioner then filed a motion to vacate judgment pursuant to 28 U.S.C. § 2255 on December 27, 1999, which the district court denied on October 26, 2001. *See United States v. Holman*, C/A No.: 4:99-cv-2035-CDP, Entry #1, #23 (E.D. Mo. Oct. 26, 2001). In the instant case, Petitioner argues that he is actually innocent of being an armed career criminal as his Missouri assault and burglary convictions no longer qualify as predicates under the ACCA pursuant to *Descamps v. United States*, 133 S.Ct. 2276 (2013), and Fourth Circuit precedent. [Entry #1 at 3]. Petitioner seeks unspecified relief.

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys.

---

[2] This court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

The instant petition, filed pursuant to 28 U.S.C. § 2241, is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citations omitted). Prior to the enactment of § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks

3

by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'" *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (quoting *Triestman*, 124 F.3d at 373). "[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy" and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Rice v. Lamanna*, 451 F.Supp.2d 755, 761–62 (D.S.C. 2006) (quotation omitted).

Therefore, Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause.

> 2. Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal conviction and sentence under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). The record shows that Petitioner has unsuccessfully filed a direct appeal and a § 2255 motion. *See United States v. Holman*, C/A No.: 4:97-cr-396-CDP, Entry #59, #72 (E.D. Mo. Oct. 29, 1998) "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or

4

because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy the criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. In *In re Jones*, the court held that a petitioner must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34. To the extent Petitioner attempts to rely on *Descamps* to show that the conduct for which he was convicted has been deemed non-criminal, his reliance is misplaced. *Descamps* has not been declared retroactive on collateral review. *See Baker v. Zych*, C/A No. 7:13-512, 2014 WL 1875114, at *2 (W.D.Va. May 9, 2014) (collecting cases that hold that *Descamps* is not retroactive on collateral review); *Williams v. Ziegler*, C/A No. 5:12-398, 2014 WL 201713, at *2 n.3 (S.D.W.Va. Jan. 17, 2014). Further, the Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (holding that a challenge to a sentencing factor is not cognizable under § 2241). As Petitioner cannot demonstrate that a substantive law change made the conduct for which he was convicted non-criminal, his claims are insufficient to invoke the savings clause embodied in § 2255, and this case is subject to summary dismissal.

III.     Conclusion and Recommendation

Accordingly, the undersigned recommends that the district judge dismiss the petition without prejudice and without requiring the respondent to file a return.

IT IS SO RECOMMENDED.

September 30, 2014                                          Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).