IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert A. Holman, ) | Civil Action No.: 1:14-cv-2554-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Thomas, ) | |
| ) | |
| Respondent. ) | |
| ) | |

On June 24, 2014, Robert A. Holman ("Petitioner"), a federal prisoner currently confined at Federal Correctional Institution—Edgefield in Edgefield, SC, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *See* Pet., ECF No. 1. Petitioner is proceeding *pro se*. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 15. In the R & R, the Magistrate Judge recommends the Court dismiss Petitioner's petition without prejudice and without requiring the Respondent to file a return. *See id.* at 6.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner alleges a conviction for being a felon in possession in the United States District Court for the Eastern District of Missouri, resulting in a sentence of 264 months imprisonment. *See* ECF No. 1 at 2. Records in Petitioner's criminal case, *United States v. Holman*, indicate that Petitioner was originally sentenced to a 264 month term of imprisonment on October 29, 1998.[1] *See* Order, *United States v. Holman*, No. 4:97-cr-396-CDP, at 2 (E.D. Mo. July 13, 2005). On

---

[1] The court may take judicial notice of Petitioner's prior court records and proceedings. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

December 27, 1999, Petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *See* Petition, *Holman v. United States*, No. 4:99-cv-2035-CDP (E.D. Mo. Dec. 27, 1999). The district court denied this motion via Order dated October 26, 2001. *See* Order, *Holman v. United States*, No. 4:99-cv-2035-CDP (E.D. Mo. Oct. 26, 2001). Petitioner then attempted to file a successive § 2255 petition and the district court transferred his request to the Eighth Circuit Court of Appeals, which denied the request. *See* Order, *United States v. Holman*, No. 4:97-cr-396-CDP, at 1 (E.D. Mo. July 13, 2005).

At some point Petitioner was transferred to FCI—Edgefield in Edgefield, SC, and on June 24, 2014, he filed the Petition that is presently before the court pursuant to § 2241. Petitioner does not appear to have obtained authorization from the United States Court of Appeals for the Eighth Circuit to proceed with a second or successive § 2255 petition.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

### I.     Petition, R & R, and Objections

In his Petition, Petitioner asserts that he is "innocent" of his sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(g),[2] as Missouri assault and burglary convictions no longer qualify as predicates under ACCA. *See* ECF No. 1 at 3. Petitioner cites to the Supreme Court's decision in *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013) and the Fourth Circuit's decisions in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) and *United States v. Alston*, 611 F.3d 219 (4th Cir. 2010), which he claims have been made retroactive on collateral review. *See* ECF No. 1 at 3.

In her R & R, the Magistrate Judge recommended finding that Petitioner failed to satisfy the savings clause of § 2255, and thus could not pursue relief through a § 2241 habeas petition. *See* ECF No. 15 at 3–6. As the Magistrate Judge noted, Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section,

---

[2] ACCA imposes a mandatory minimum fifteen-year sentence on felons who violate the felon in possession statute, 18 U.S.C. § 922(g), and have three or more previous convictions for committing "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e).

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The mere fact that relief under § 2255 is procedurally barred or barred by the gate-keeping requirements of § 2255(h) does not render the remedy of § 2255 inadequate or ineffective. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

The Magistrate Judge found that Petitioner was not be able to meet the test for showing that a § 2255 motion would be inadequate or ineffective to challenge his sentence. *See Jones*, 226 F.3d at 333–34. *In re Jones* provides that, in order to trigger the savings clause of 28 U.S.C. § 2255(e) and proceed under § 2241, a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333–34. Here, the Magistrate Judge noted that Petitioner has failed to demonstrate that the conduct for which he was <u>convicted</u>, the felon in possession charge, has been deemed non-criminal by any substantive law change since his direct appeal or § 2255. Rather, Petitioner argues that he should not be subject to the armed career criminal sentencing enhancement because several of the offenses used to enhance his sentence no longer qualify as predicate offenses.

Furthermore, as the Magistrate Judge also explained, the Fourth Circuit has specifically stated that it has not extended the savings clause of § 2255 to petitioners who only challenge their sentence. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). In *Farrow v. Revell*, the

Fourth Circuit explicitly acknowledged in this very context that a "challenge to [] armed career criminal status is not cognizable in a § 2241 petition." *Farrow v. Revell*, 541 Fed. App'x 327, 328 (4th Cir. 2013); *see also Darden v. Stephens*, 426 Fed. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender under the guidelines).

Petitioner objected to the R & R, reiterating his argument that he satisfied all the requirements of the § 2255 savings clause, and thus should be allowed to proceed under § 2241 to challenge the armed career criminal enhancement. *See generally* Pet.'s Objs., ECF No. 22. Petitioner cites to a recent decision of the Supreme Court of the United States—*Persaud v. United States*, __ U.S. __, 134 S. Ct. 1023 (2014)—in support of his claim. *See* ECF No. 22 at 2. He argues that the Solicitor General took the position in *Persaud* that the lower court erred in determining that the savings clause of § 2255 does not permit a petitioner to seek relief under § 2241 purely because he challenges his sentence rather than his conviction. *See id.* He further notes that the Solicitor General also asserted that a sentence imposed above the otherwise applicable statutory maximum based on a legal error is a fundamental defect redressable under the savings clause. *See id.* at 3. The Supreme Court remanded *Persaud*, noting only that it required "further consideration in light of the position asserted by the Solicitor General in his brief for the United States." *See* 134 S. Ct. 1023. Petitioner also objects to the Magistrate Judge's finding that *Descamps* has not been made retroactive on collateral review, asserting that the Department of Justice has taken the position that proescutors should refrain from asserting that *Descamps* is not retroactive on collateral review. *See* ECF No. 22 at 3. Petitioner also argues that "any court" may find that a Supreme Court decision is retroactive on collateral review. *See id.* at 3–4. Finally,

5

Petitioner asserts that the *Descamps* rule is substantive and thus it should apply on collateral review. *See id.* at 5–6.

## II.    Analysis

Petitioner's objections fail establish that the Court should allow him to proceed under § 2241.  Petitioner seeks to challenge his enhanced sentence due to his status as an armed career criminal pursuant to 18 U.S.C. § 924(e).  He argues that two of the predicate offenses used to determine his armed career criminal status are no longer considered crimes of violence.  *See* ECF No. 22 at 8.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (emphasis added).  A § 2241 petition "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison convictions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).  "It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice*, 617 F.3d at 807 (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)).  As noted above, the test set forth in *In re Jones* establishes when § 2255 is "inadequate or ineffective."

Here, Petitioner has failed to show a substantive change in law such that the conduct for which he was <u>convicted</u>, the felon in possession charge, is deemed not to be criminal.  Petitioner cites to the Supreme Court's remand of the *Persaud* case, which occurred on January 27, 2014.  *See* 134 S. Ct. 1023.  *Persaud* is distinguishable, however, because that case involved a situation where

6

the petitioner, Persaud, was sentenced to mandatory minimum term of life imprisonment, enhanced pursuant to 21 U.S.C. § 851.  *See* Brief of United States, *Persaud v. United States*, No. 13-6435, 2013 WL 7088877, at *2 (S. Ct. Dec. 20, 2013).  Persaud filed a motion pursuant to § 2241 and asserted that an intervening decision construing the relevant statutory provisions established that he should not have been subject to a mandatory minimum life sentence.  *See id.*  Persaud, however, relied on the decision of the Fourth Circuit in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), in making this argument, which has been made retroactive on collateral review.  *See Miller v. United States*, 735 F.3d 141, 145–46 (2013) (holding that *Simmons* announced a substantive rule retroactively applicable on collateral review).  The present case is fundamentally different because Petitioner relies on *Descamps* and its Fourth Circuit progeny, *Hemingway*, neither of which has been made retroactive on collateral review, *see Thompson v. United States*, C/A No. 7:14-2881-GRA, 2014 WL 3809538, at *2 n.3 (D.S.C. July 30, 2014); *Baker v. Zych*, C/A No. 7:13-cv-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases which hold that *Descamps* is not retroactive on collateral review).

Thus the Magistrate Judge correctly found that Petitioner cannot satisfy the savings clause of § 2255(e) in this case.  The Fourth Circuit has specifically found that Petitioner's claim is not cognizable via a § 2241 petition.  *See Farrow*, 541 Fed. App'x at 328.  Even after the Supreme Court's remand in *Persaud*, the Fourth Circuit has subsequently affirmed a district court order which likewise held that a petitioner could not challenge a sentencing enhancement via § 2241.  *See* Order, *Rouse v. Wilson*, No. 1:13-cv-748 (GBL/TRJ) (E.D. Va. Feb. 19, 2014), *aff'd Rouse v. Wilson*, __ Fed. App'x __, 2014 WL 4823637, at *1 (4th Cir. 2014) (the career offender enhancement was at issue in *Rouse*).  As the Fourth Circuit noted in *Rouse*, "[t]he district court properly determined that Rouse could not proceed with his claims under § 2241."  *Rouse*, 2014 Wl

7

4823637, at *1 n.*. Accordingly, the Court finds that Petitioner's objections are without merit. Based on the authorities cited above, the Court finds that dismissing the petition without prejudice is appropriate.[3]

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Petitioner's petition, the Magistrate Judge's R & R, Petitioner's objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Petitioner's objections and adopts the Magistrate Judge's R & R.

---

[3] Because the Petition appears to seek sentencing relief contemplated by 28 U.S.C. § 2255, the Court considered construing the petition as a § 2255 petition and transferring it to the sentencing court: the Eastern District of Missouri. As noted above, however, Petitioner previously filed a § 2255 motion to vacate in the sentencing court, which that court dismissed. *See* Order, *Holman v. United States*, No. 4:99-cv-2035-CDP (E.D. Mo. Oct. 26, 1999). For the Eastern District of Missouri to have jurisdiction to entertain a successive § 2255, petitioner would need to receive pre-filing authorization from the Eighth Circuit Court of Appeals, which he does not appear to have done. Accordingly, the court finds that transferring the petition to the Eastern District of Missouri would not be in the interest of justice, as that court would lack jurisdiction. *See, e.g.*, *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013) ("[B]ecause petitioner has proceeded on several occasions under § 2255 in the sentencing court and has not obtained certification to file a successive motion, the court will dismiss the petition rather than transfer it to the sentencing court."); *Dorise v. Zych*, No. 7:12cv00029, 2012 WL 843779, at *2 (W.D. Va. Mar. 12, 2012) (dismissing § 2241 petition challenging career offender sentencing enhancement instead of construing it as a § 2255 motion and transferring it to the sentencing court because it would have been a "clearly successive § 2255 motion" in that court); *Eubanks v. Compton*, No. 704CV00307, 2004 WL 3606911, at *2 (W.D. Va. June 17, 2004) (dismissing § 2241 petition challenging armed career criminal sentencing enhancement instead of construing it as a § 2255 motion and transferring it to the sentencing court because it would have been a successive § 2255 in that court).

The Court notes that it is dismissing the § 2241 petition without prejudice, as opposed to dismissing it with prejudice. While Petitioner herein has filed his § 2241 petition in the District of South Carolina (the district of confinement), the Eastern District of Missouri was his district of conviction and sentencing. In the *Persaud* case cited by Petitioner, Persaud's district of confinement appears to have been in the State of New York and he filed his § 2241 petition with the district where he was convicted and sentenced—the Western District of North Carolina. *See* Brief of United States, *Persaud v. United States*, No. 13-6435, 2013 WL 7088877, at *2, 6 (S. Ct. Dec. 20, 2013). The Court expresses no opinion as to the efficacy of Petitioner seeking further relief in the district of conviction and sentencing or its court of appeals.

**IT IS THEREFORE ORDERED** that Petitioner's § 2241 petition is **DISMISSED** *without prejudice* and without requiring respondent to file a return.

**IT IS SO ORDERED**.

                                                   s/ R. Bryan Harwell
                                                   R. Bryan Harwell
                                                   United States District Judge

Florence, South Carolina
December 3, 2014